**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2035-15T1

JOSEPH BARTONEK, JOSEPH
BARTONEK, LLC, and BARTON
NURSERY ENTERPRISES, INC.,

    Plaintiffs-Appellants,

v.

TOWNSHIP OF EDISON, TOWNSHIP
OF EDISON ZONING BOARD OF
ADJUSTMENT and DONNA SEREDY
d/b/a PRETTY PAWS PROFESSIONAL
PET GROOMING,

    Defendants-Respondents.

_____

Argued September 12, 2017 — Decided September 21, 2017

Before Judges Yannotti, Carroll, and Mawla.

On appeal from Superior Court of New Jersey,
Law Division, Middlesex County, Docket No. L-5019-15.

Lewis Goldshore argued the cause for appellants.

Patrick J. Bradshaw argued the cause for respondent Township of Edison Zoning Board of Adjustment (Kelso and Bradshaw, attorneys; Mr. Bradshaw, on the brief).

Jeffrey B. Lehrer argued the cause for respondent Donna Seredy (DiFrancesco, Bateman, Kunzman, Davis, Lehrer & Flaum, PC,

attorneys; Mr. Lehrer, of counsel and on the brief; Susan F. Bateman, on the brief).

McManimon Scotland & Baumann, attorneys for respondent Township of Edison, join in the brief of respondent Township of Edison Zoning Board of Adjustment.

PER CURIAM

Plaintiffs Joseph Bartonek (Bartonek), Joseph Bartonek, LLC, and Barton Nursery Enterprises, Inc. appeal from a final judgment entered by the Law Division on January 4, 2016, granting summary judgment in favor of defendants Township of Edison (Township), Township of Edison Board of Adjustment (Board), and Donna Seredy, d/b/a Pretty Paws Professional Pet Grooming (Seredy). We affirm.

I.

We briefly summarize the salient facts. Seredy is the owner of property on New Durham Road in the Township, where she has been residing for more than fifty years. Seredy's property is located in the Township's light-industrial (L-I) zone, where single-family uses and commercial pet-grooming facilities are not permitted. In 2013, Seredy inherited the property from her parents, who acquired it in 1961 from Seredy's grandparents, subject to an easement to and from New Durham Road, across her grandparents' property.

In 1972, Seredy's grandparents sold the adjoining property to Bartonek, and the property that Seredy's parents owned remained subject to the access rights that they had pursuant to the

easement. Bartonek resides and operates his nursery business on his property. Four driveways provide access to Bartonek's property, including the shared driveway over the easement. Bartonek's family members, his retail customers, and landscapers use the driveways to access the nursery.

On January 21, 2014, Seredy filed an application with the Board seeking a use variance, several bulk variances, and preliminary and final site plan approval to construct a 1200-square-foot, two-car garage adjacent to her home. The application indicated that Seredy would use approximately one-half of the space to operate her dog-grooming business.

Seredy had been operating her business off-site. She takes customers by appointment only and limits her business hours during the week. Seredy also proposed having her existing gravel driveway paved and additional parking spaces created for her customers.

On April 4, 2014, Seredy published notice of her application and provided the time and place of the hearing at which the Board would consider the application. Seredy also mailed notice to all property owners within 200 feet of the property, as required by the Municipal Land Use Law (MLUL), N.J.S.A. 40:55D-1 to -163.

On April 29, 2014, the Board conducted a hearing on the application. At the hearing, Seredy presented testimony from Gregory Oman, a licensed professional engineer, and Christine

Mazarro-Cofone, a licensed professional planner. Plaintiffs objected to the application. Lester Nebenzahl, a licensed professional planner, testified for plaintiffs. The Board voted to approve the application, and on May 27, 2014, adopted a resolution memorializing its decision.

On July 2, 2014, plaintiffs filed an action in lieu of prerogative writs in the Law Division, challenging the Board's approval of the application. On February 20, 2015, the judge entered an order remanding the matter to the Board so that the parties could present additional evidence and the Board could issue a new decision.

The Board conducted another hearing in the matter on April 28, 2015. Oman and Mazarro-Cofone presented further testimony for Seredy, and Nebenzahl again testified for plaintiffs. The Board voted to approve the application, and on August 18, 2015, adopted a resolution memorializing its decision.

On August 24, 2015, plaintiffs filed another action in lieu of prerogative writs in the Law Division. In counts one and two of the complaint, plaintiffs sought a judgment invalidating the Board's approval of the application. In count three, plaintiffs sought relief with regard to an alleged impermissible increase in use of the driveway that Seredy and plaintiffs shared.

On December 17, 2015, the judge considered the matter and determined that defendant's motion for summary judgment should be granted. The judge found that the Board's approval of Seredy's application was supported by the testimony and evidence presented to the Board, and was consistent with the applicable law. The judge entered an order dated January 4, 2016, which granted summary judgment to defendants on counts one and two of the complaint. The order noted that plaintiffs had voluntarily dismissed count three of the complaint with prejudice. This appeal followed.

On appeal, plaintiffs argue: (1) they were denied due process and fundamental fairness because Seredy's counsel erroneously stated that a court previously had held Bartonek in contempt for failing to maintain the shared driveway; (2) Seredy did not satisfy the requirements for issuance of a use variance pursuant to N.J.S.A. 40:55D-70(d)(1); (3) Seredy's proposal failed to satisfy the requirements of N.J.S.A. 40:55D-70(d)(2); and (4) the Board should not have considered whether the property was reasonably adapted to a conforming use, and failed to consider whether the property was capable of being developed for uses permitted in the L-I zone.

## II.

We turn first to plaintiffs' contention that they were denied due process and fundamental fairness because at the hearing before

the Board in 2014, Seredy's counsel asked Bartonek whether a court had held him in contempt in 1987 for failing to comply with a consent order regarding maintenance of the shared driveway. Bartonek replied that he had not been held in contempt.

The court's order was produced, and Bartonek's attorney said the order indicated that Bartonek had not been held in contempt. Seredy's counsel agreed and stated that his question was only intended to show that on a previous occasion, Bartonek failed to maintain the shared driveway, and that a court order had been required to ensure compliance. Bartonek then testified that since the court proceedings in 1987, he has maintained the driveway. His attorney also asserted that Bartonek had not received any complaints from the Township regarding the easement since 1996.

After the attorneys finished questioning Bartonek, some members of the Board posed questions, but they did not ask about the 1987 court order. During the remand hearing in 2015, no one mentioned the court order of 1987, and no one asserted that a court had held Bartonek in contempt.

On appeal, plaintiffs argue that they were unfairly and irreparably prejudiced and that they were denied their right to due process by the questions raised at the 2014 hearing suggesting that in 1987, a court had held Bartonek in contempt. Plaintiffs note that the trial court's remand order allowed the Board to rely

upon the record created at the first hearing. Plaintiffs contend that Seredy's counsel should have explained to the Board at the second hearing that Bartonek had never been held in contempt. According to plaintiffs, Seredy's counsel proceeded with the remand hearing as though nothing untoward had occurred at the previous hearing.

The judge found that plaintiffs were not prejudiced by the questions raised at the first hearing about the alleged contempt finding. The judge noted that the Board did not make any negative findings about Bartonek, and the Board had not determined that he lacked credibility. The judge also pointed out that the allegation that Bartonek had been held in contempt did not have a bearing upon the Board's ultimate decision on Seredy's application, and the record of both hearings showed that there was no evidence that plaintiffs suffered any prejudice in this regard.

The record supports the judge's findings. As we have explained, the allegation that a court in 1987 had held Bartonek in contempt had been addressed and refuted at the first hearing. The court's order made clear that there had been no contempt finding, and Seredy's counsel conceded the point. There is nothing in the record to show that the allegation played any role in the Board's decision to approve the Seredy application.

We therefore conclude that plaintiffs were not denied a fair hearing or due process when Seredy's counsel confronted Bartonek at the 2014 hearing with the allegation that he had been held in contempt of court. Furthermore, there is nothing in the record to show that the allegation had any impact upon the Board's decision to grant Seredy's application, which would render that decision arbitrary, capricious, or unreasonable.

## III.

We next consider plaintiffs' contention that the trial court erred by upholding the Board's decision. Plaintiffs argue that Seredy did not satisfy the requirements for issuance of a use variance pursuant to N.J.S.A. 40:55D-70(d)(1). Plaintiffs further argue that Seredy did not meet the requirements under N.J.S.A. 40:55D-70(d)(2) for intensifying and expanding a nonconforming use.

"[M]unicipalities are authorized to impose conditions on the use of property through zoning by a 'delegation of the police power' that must 'be exercised in strict conformity with the delegating enactment — the MLUL.'" Price v. Himeji, LLC, 214 N.J. 263, 284 (2013) (quoting Nuckel v. Borough of Little Ferry Planning Bd., 208 N.J. 95, 101 (2011)). "The MLUL exhibits a preference for municipal land use planning by ordinance rather than by variance, which is accomplished through the statute's requirements that use

variances be supported by special reasons, and by proof of the negative criteria." Ibid. (citations omitted).

Our courts have recognized that "because of their peculiar knowledge of local conditions," zoning boards "must be allowed wide latitude in the exercise of delegated discretion." Kramer v. Bd. of Adjustment, 45 N.J. 268, 296 (1965). A "board's decisions enjoy a presumption of validity, and a court may not substitute its judgment for that of the board unless there has been a clear abuse of discretion." Price, supra, 214 N.J. at 284 (citing Cell S. of N.J. Inc. v. Zoning Bd. of Adjustment, 172 N.J. 75, 81 (2002). A party challenging that grant or denial of a variance must "show that the zoning board's decision was 'arbitrary, capricious, or unreasonable.'" Ibid. (quoting Kramer, supra, 45 N.J. at 296).

N.J.S.A. 40:55D-70(d) authorizes a zoning board, "[i]n particular cases for special reasons, [to] grant a variance to allow departure from regulations pursuant to [the MLUL] to permit: (1) a use or principal structure in a district restricted against such use or principal structure, [or] (2) an expansion of a nonconforming use[.]" In addition, N.J.S.A. 40:55D-70 states that a zoning board may not grant a variance unless the applicant shows that it "can be granted without substantial detriment to the public

good and will not substantially impair the intent and the purpose of the zone plan and zoning ordinance."

A. Use Variance

Generally, a zoning board may find "special reasons" for the issuance of a use variance:

> (1) where the proposed use inherently serves the public good, such as a school, hospital or public housing facility; (2) where the property owner would suffer "undue hardship" if compelled to use the property in conformity with the permitted uses in the zone; and (3) where the use would serve the general welfare because "the proposed site is particularly suitable for the proposed use."
>
> [Nuckel, supra, 208 N.J. at 102 (citations omitted) (quoting Saddle Brook Realty, LLC v. Twp. of Saddle Brook Zoning Bd. of Adjustment, 388 N.J. Super. 67, 76 (App. Div. 2006)).]

The showing required to satisfy the negative criteria "focuses on the effect that granting the variance would have on the surrounding properties[,] . . . [and] must reconcile the grant of the variance for the specific project at the designated site with the municipality's contrary determination about the permitted uses as expressed through its zoning ordinance." Price, supra, 214 N.J. at 286 (citations omitted).

Here, Seredy's proposed use did not involve an inherently beneficial use, and in her application, she did not assert that

she would suffer an "undue hardship" if she is required to use her property in conformity with the permitted uses in the L-I zone. Therefore, Seredy was required to show that the site of her proposed use was "particularly suitable for the proposed use." Nuckel, supra, 208 N.J. at 102 (quoting Saddle Brook Realty, supra, 388 N.J. Super. at 76).

At the first hearing, Mazzaro-Cofone testified that the property was particularly suitable for Seredy's proposed use. She explained that the size of the lot was undersized for the permitted uses in the L-I zone, and that the permitted uses are much more intensive than Seredy's proposed use for her dog-grooming business. Mazzaro-Cofone noted that Seredy planned to operate her business from a small facility. It would operate during a limited number of hours, and have a limited number of daily customers.

Based upon this testimony, the Board concluded that the scope of Seredy's proposed use would be "very small" and "akin to a home occupational use." The Board granted Seredy's application for the use variance, with certain conditions intended to ensure that Seredy would maintain the limited use she had proposed.

Plaintiffs argue, however, that the trial court erred by finding that Seredy had shown the property was particularly suitable for the proposed use. They argue that Seredy failed to show that the property was well-suited for its proposed use as a

dog-grooming business. Plaintiffs contend that Mazzaro-Cofone did not consider the "fact-specific and site-sensitive" limitations of the lot.

Plaintiffs further assert that the property lacks qualities that would make it particularly well-suited for commercial use, such as visibility, accessibility, and proximity to other commercial uses. They assert that Seredy's business could have been located in several of the Township's other zones.

We are not persuaded by these arguments. We are convinced that there is sufficient evidence in the record to support the judge's finding that Seredy presented sufficient evidence to show that the proposed use was particularly suitable for the site. Plaintiffs' arguments on this issue lack sufficient merit to warrant further comment. R. 2:11-3(e)(1)(E).

Plaintiffs also argue that the trial court erred by finding that Seredy satisfied the negative criteria for issuance of the use variance. Plaintiffs contend Mazzaro-Cofone failed to take into account the alleged adverse impact the proposed use would have on plaintiffs' property. They also contend that Mazzaro-Cofone failed to consider the detrimental effect to the zone plan and zoning ordinance that would result from devoting land in the L-I zone to a use other than a light industrial use.

As we noted previously, Seredy was required to demonstrate to the Board that her variance application could be granted without "substantial detriment to the public good," and that her proposed use would not "substantially impair the intent and the purpose of the zone plan and zoning ordinance." N.J.S.A. 40:55D-70. In doing so, Seredy was required to focus on the effect that the proposed use would have on the surrounding properties, and reconcile the granting of her application for a variance with the Township's "contrary determination" as to the permitted uses that are permitted in the L-I zone. Price, supra, 214 N.J. at 286 (citing Medici v. BPR Co., 107 N.J. 1, 21 (1987)).

At the hearings before the Board, Mazzaro-Cofone testified that because Seredy's proposed use is limited in both size and function, it would not have a substantial adverse impact on the surrounding property. She explained that the only material impact on plaintiffs' property would be increased activity on the shared driveway. She explained, however, that this activity would be limited since Seredy would be the only employee of the business, and she limits the number of her daily customers.

Mazzaro-Cofone further explained that Seredy's proposed use would be relatively less intense, when compared to plaintiffs' current use and the uses permissible in the L-I zone. She noted that the L-I zone allows manufacturing, processing, and other more

intensive light-industrial uses. The uses in the L-1 zone would be more disruptive and have a greater impact on the property and the surrounding property than Seredy's dog-grooming business.

The Board found that Seredy's proposed use would result in "minimal additional use [of the property] . . . on a limited basis," and that this use would not be detrimental to the Township's zoning plan and zoning ordinance. The Board found that the grant of the variance could be reconciled with the zoning ordinance because it would "permit a significantly less intense use on [the] small property."

The trial court determined that the Board's decision was supported by sufficient credible evidence in the record. We agree. The record supports the Board's finding that Seredy established the negative criteria for issuance of a use variance.

B. Variance to Expand Nonconforming Use

Plaintiffs argue that the Board, and later the trial court, erred by finding that Seredy's preexisting nonconforming use would not be intensified or expanded with the approval of her application for variance relief. They argue that Seredy failed to meet the requirements for relief under N.J.S.A. 40:55D-70(d)(2).

"A nonconforming use is 'a use or activity which was lawful prior to the adoption, revision or amendment of a zoning ordinance, but which fails to conform to the requirements of the zoning

14                                                    A-2035-15T1

district in which it is located by reasons of such adoption, revision or amendment.'" Nuckel, supra, 208 N.J. at 106 (quoting N.J.S.A. 40:55D-5). "Under the MLUL, nonconforming uses 'may be continued upon the lot or in the structure so occupied.'" Ibid. (quoting N.J.S.A. 40:55D-68).

However, because noncomforming uses are incompatible with uniform zoning, "the courts have required that consistent with the property rights of those affected and with substantial justice, they should be reduced to conformity as quickly as is compatible with justice." Ibid. (quoting Belleville v. Parrillo's, Inc., 83 N.J. 309, 315 (1980)). Although "'[t]he method generally used to limit nonconforming uses is to prevent any increase or change in the nonconformity,' . . . nonconforming uses may lawfully be enlarged by resorting to the variance procedure." Ibid. (quoting Belleville, supra, 83 N.J. at 316).

In this case, the Board found that there was no expansion of use in Seredy's house because there would be no change in the structure or its use. Therefore, Seredy's use of her present nonconforming structure would not be intensified or expanded. Nevertheless, the Board conducted an analysis for issuance of a variance pursuant to N.J.S.A. 40:55D-70(d)(2) and determined that Seredy had provided sufficient evidence to justify both expansion

of the existing nonconforming use and issuance of a use variance for the proposed structure and dog-grooming business.

The judge determined there is sufficient credible evidence to support the Board's decision allowing Seredy to expand the existing nonconforming use of her property. The judge found that the Board's decision was not arbitrary, capricious, or unreasonable. The record supports the judge's findings. Plaintiffs' arguments on this point lack sufficient merit to warrant additional comment. R. 2:11-3(e)(1)(E).

Plaintiffs further argue that the trial court erred by deciding that Seredy's application for expansion of the nonconforming use was subsumed in the use-variance application. As we have explained, N.J.S.A. 40:55D-70(d)(2) allows a zoning board to issue a variance allowing the expansion of an existing nonconforming use. However, as defendants note, the criteria for issuance of the variances are substantially the same. In any event, the record supports the Board's determination that Seredy met the criteria for issuance of variances under both N.J.S.A. 40:55D-70(d)(1) and (2).

IV.

Plaintiffs also contend that at the first hearing Seredy sought a use variance on the ground that the property was particularly suitable for use as a dog-grooming business. They

16                                        A-2035-15T1

note that she did not assert that a use variance should be issued on the basis of undue hardship. Plaintiffs contend the Law Division judge erred in the initial remand order by allowing Seredy to present proofs based on the theory that the subject property could not be reasonably adapted to any conforming use.

Plaintiffs assert that at the second hearing, Seredy attempted to demonstrate that the property could not be reasonably developed for a conforming use. They assert that in reviewing the Board's final decision following the remand proceedings, the trial court judge erred by stating that Seredy was not required to show she was not capable of using her property for a permitted use.

We are convinced that plaintiffs' arguments on this point lack sufficient merit to warrant discussion. R. 2:11-3(e)(1)(E). We note, however, that it is undisputed that Seredy did not seek a variance on the ground that she would suffer an undue hardship if the ordinance were strictly applied. As the trial court found, Seredy established both the positive and negative criteria for the grant of the use variance on other grounds.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION